JANVIER, Judge.
Plaintiff, Harold Meynier, a painting contractor, brought this suit for $192. against William H. Palermo, one of the members of a partnership — Palermo and Oalmann — which partnership was engaged in the general contracting business and, as general contractors, had constructed a residence for Mrs. James K. Howies.
Although the partnership was the general contractor, one of the partners, Palermo, executed in his own name a subcontract under which the plaintiff Meynier undertook to do the painting and interior decorating in accordance with the plans and specifications.
Meynier complied with the terms of his contract and was paid the full contract price.
It then developed that there was a defect in the building in that, according to the architect, “the head room at the landing of the staircase was not sufficient,” *101 and, after consultations between the architect, the contractors, and a representative of the owner, it was agreed that the necessary correction would he made and the record indicates that the architect, Mc-Cullar, agreed that he would pay the necessary cost of making the change.
When the construction change had been made, it was necessary that the new work be repainted and repapered and Palermo discussed the matter with the plaintiff, Meynier, and it was agreed that Meynier would do the repainting and repapering which had become necessary. This was done, and Meynier says that he was told by Palermo that, inasmuch as the architect, Myrlin McCullar, had agreed to be responsible for the cost, he should send his bill to McCullar, and Meynier prepared a bill for $65 and says that he sent it to Palermo for delivery to McCullar. Meynier admits that he made his bill out against McCullar, but says that he did so only because Palermo asked him to do so but that he at no time agreed that he would look to McCullar for payment inasmuch as he contends that he was employed by Palermo and intended to look to him for payment.
This bill was not paid, but it developed that the paper with which the new work was done did not exactly match the paper of the other part of the job and the owner refused to accept it. Accordingly it was agreed that Meynier would repaper the entire wall and ceiling, and he did this and then again prepared a bill against McCullar, this time for $160, and says that he sent it to Palermo for delivery to McCullar. Palermo says that Meynier did hot send either bill to him but sent them both directly to McCullar.
The second bill was not paid and this suit has resulted.
In the First City Court of the City of New Orleans there was judgment as prayed for for $192 in favor of Meynier and against Palermo, who has appealed sus-pensively.
It is not denied that Meynier did the re-' painting and repapering, but it is contended that it was understood that payment would be made by the architect Mc-Cullar and that Meynier would look to him alone. It is further contended that, in any event, Palermo should not be called upon to make payment, for the reason' that when he discussed the matter with Meynier and asked him to do the necessary repainting and repapering, he was not acting in his individual capacity but was acting for and representing the partnership, Palermo and Oalmann, and that, therefore, if there is any liability for the reemployment of Meynier, it is in the partnership and not in Palermo. And finally it is contended that if there is any liability in anyone, the amount of the indebtedness is not $192 and has not been definitely fixed in any agreement either verbal or in writing.
We think that the evidence is convincingly to the effect that Palermo did not state to Meynier that he was to look to McCullar and that, since it was Palermo who entered into the first contract which was in writing, Meynier, in the absence of a clear understanding to the contrary, was justified in believing that when Palermo asked him to do the necessary repainting and repapering, he was acting in the capacity of general contractor in which he had acted in making the original contract. And there can be no doubt at all that, when a general contractor employs a subcontractor to do any part of the work, the subcontractor looks to the general contractor for payment and the general contractor looks to the owner. It may well be that McCullar, the architect, is liable to Palermo for this indebtedness, but if he is so liable, then Palermo may look to him for such amount as he may be required to spend.
Palermo is liable to Meynier for the cost of doing the repainting and re-papering, but the record does not justify a judgment for $192. Meynier says that *102 the oral agreement entitled him to this amount. However, when, at the request of Palermo, he prepared a bill for this work, he fixed the amount thereof at $160, and it was only when he found it necessary to 'bring suit that he added an additional $32, which he says represented a profit of 20% on the oral contract price.
The record does not justify this additional amount.
The judgment appealed from is amended by the reduction of the amount awarded to $160 and, as thus amended, it is- affirmed; plaintiff-appellee to pay costs of appeal ; defendant to pay all other costs.
Amended and affirmed.